JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Daniel O'Shaughnessy, 2746 Scenic Gulf Drive, Unit 211, Miramar Beach, FL 32550

**DEFENDANTS**

Nicholas Palazzo, 365 Forest Avenue, Apt. 4D, Palo Alto, CA 94301 SSPT Network, Inc., 171 Main Street, #257, Los Altos, CA 94022

**(b)** County of Residence of First Listed Plaintiff Walton County, Florida
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Santa Clara County, CA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Leo M. Gibbons and Andrew R. Silverman, MacElree Harvey, Ltd., 17 W. Miner Street, P.O. Box 660, West Chester, PA 19381-0660

Attorneys *(If Known)*

James E. DelBello and Matthew J. Siembieda, Holland & Knight LLP, Cira Centre, 2929 Arch Street, Suite 800, Philadelphia, PA 19104

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☒ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332, 28 U.S.C. Section 1331 and 18 U.S.C. Section 1962(c)

Brief description of cause:
RICO Action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE _____ DOCKET NUMBER _____

OCT 30 2019

DATE 10/30/2019

SIGNATURE OF ATTORNEY OF RECORD /s/ James E. DelBello

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Daniel O'Shaughnessy, 2746 Scenic Gulf Drive, Unit 211, Miramar Beach, FL 32550

Address of Defendant: _____          See Attached.

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*  See O'Shaughnessy v. Palazzo being removed simultaneously with this new matter.

Case Number: 19-cv-5114          Judge: Mehlich          Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10.30.2019          _____  Must sign here          78638
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☑ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):*  RICO, 18 U.S.C. Section 1962(c)

**B.**  *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, James E. DelBello, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

OCT 30 2019

DATE: 10/30/2019          _____  Sign here if applicable          78638
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5-2018)*



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

**Address of Defendant(s):**

NICHOLAS PALAZZO
365 Forest Avenue, Apt. 4D
Palo Alto, CA 94301

SSPT NETWORK, INC.
171 Main Street, #257
Los Altos, CA 94022,

**19    5115**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Daniel O'Shaughnessy                          :           CIVIL ACTION

                        v.                    :           19       5115

Nicholas Palazzo and SSPT Network, Inc.       :           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

10.30.2019                                                    Defendants
_____          _____         _____
Date                     Attorney-at-law                    Attorney for

(215) 252-9600           (215) 867-6070                     james.delbello@hklaw.com
_____          _____         _____
Telephone                FAX Number                         E-Mail Address

(Civ. 660) 10/02

OCT 30 2019

*#400*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL O'SHAUGHNESSY
2746 Scenic Gulf Drive, Unit 211
Miramar Beach, FL 32550,

      Plaintiff,

   v.

NICHOLAS PALAZZO
365 Forest Avenue, Apt. 4D
Palo Alto, CA 94301

    and

SSPT NETWORK, INC.
171 Main Street, #257
Los Altos, CA 94022,

      Defendants.

CIVIL ACTION NO. _____

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants, Nicholas Palazzo ("Defendant Palazzo") and SSPT Network, Inc. ("Defendant SSPT Network") (collectively "Defendants"), remove this action from the Chester County Court of Common Pleas (the "State Court Action") to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Copies of all documents received by Defendants in the State Court Action, which consists of Plaintiff's Complaint and is attached hereto as **Exhibit A**. In further support of this Notice of Removal, Defendants state as follows:

## PROCEDURAL BACKGROUND

1.       On or about October 4, 2019, Plaintiff Daniel O'Shaughnessy ("Plaintiff O'Shaughnessy") filed the Complaint against Defendants in the Court of Common Pleas, Chester County, Pennsylvania.  A copy of the Complaint, with exhibits, is attached as **Exhibit A** hereto.

2.       Defendants first received a copy of the Compliant on or about October 4, 2019.

## DIVERSITY JURISDICTION

3.       The United States District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]"  28 U.S.C. § 1332(a).

4.       The Compliant seeks, in part, a judgment in O'Shaughnessy's favor "in the amount of $5,000,000 plus pre- and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems appropriate." (Compl. ¶ 35.)

5.       The Complaint alleges that O'Shaughnessy is an individual who is a resident of Florida.

6.       Defendant Palazzo is an individual who is a resident of California.

7.       Defendant SSPT Network is a Delaware corporation having a principal place of business in California.

8.       Therefore, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy in this proceeding exceeds $75,000.

9.       Accordingly, pursuant to 28 U.S.C. §§ 1332 and 1441(b), Defendants may remove the State Court Action to this Court.

## FEDERAL QUESTION JURISDICTION

10.     28 U.S.C. § 1331 provides that the United States District Courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

11.     Count 6 of the Complaint alleges a violation of 18 U.S.C. § 1962(c), providing the basis for federal question jurisdiction.  (Compl. ¶¶ 54-71.)

12.     Pursuant to 28 U.S.C. § 1367, the remaining counts are so related as to form part of the same case or controversy.

13.     Accordingly, under 28 U.S.C. §§ 1331 and 1441(a), Defendants may remove the State Court Action to this Court.

## NOTICE AND PROCESS

14.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty days of receipt by Defendants of the Complaint.

15.     Pursuant to 28 U.S.C. § 1446(d), Defendants will provide written notice of its filing of this Notice of Removal to Leo M. Gibbons, Plaintiff's attorney, and will file a true and correct copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas, Chester County, Pennsylvania.

16.     The removal of this action to the United States District Court for the Eastern District of Pennsylvania does not waive Defendants' ability to assert any available defense in this action. Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants respectfully request that the action captioned *O'Shaugnessy v. SSPT Network, Inc.*, pending in the Court of Common Pleas of Chester County, Pennsylvania at Case No.

2019-10135-CT, be removed to this Court and that this Court properly assume jurisdiction of this action.

Dated: <u>October 30, 2019</u>

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____
James E. DelBello
E-mail:   james.delbello@hklaw.com
Matthew J. Siembieda
E-mail:   matthew.siembieda@hklaw.com
Cira Centre, Suite 800 | 2929 Arch Street
Philadelphia, PA  19104
Telephone:  215.252.9600
Fax:  215.867.6070
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent by electronic mail to counsel for Plaintiff on this 30th day of October, 2019.

Leo M. Gibbons, Esquire
Andrew R. Silverman, Esquire
MacElree Harvey, Ltd.
17 W. Miner Street, P.O. Box 660
West Chester, PA 19381-0660
*Attorneys for Plaintiff*

James E. DelBello

# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

CHESTER _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |
| 2019-16135-CT |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☑ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Notice of Appeal
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

**Lead Plaintiff's Name:**
Daniel O'Shaughnessy

**Lead Defendant's Name:**
Nicholas Palazzo

☐ Check here if you are a Self-Represented (Pro Se) Litigant

Name of Plaintiff/Appellant's Attorney: Leo M. Gibbons, Esquire/Andrew R. Silverman, Esquire

Are money damages requested? : ☑ Yes   ☐ No

Dollar Amount Requested: ___ within arbitration limits
(Check one)   ✓ outside arbitration limits

Is this a **Class Action Suit?**   ☐ Yes   ☑ No

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- _____
- ☑ Other:
  Breach of Contract

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other
- _____

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

        (i)       actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

        (ii)      actions for support, Rules 1910.1 et seq.

        (iii)     actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

        (iv)     actions for divorce or annulment of marriage, Rules 1920.1 et seq.

        (v)      actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

        (vi)     voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)   At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)   The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)   The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)   A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)   The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

# Chester County
# Court of Common Pleas
## Cover Sheet

| | |
|---|---|
| | Docket No: |

| Plaintiff(s): (Name, Address) | Plaintiff's/Appellant's Attorney (circle one) |
|---|---|
| Daniel O'Shaughnessy | (Name, firm, address, telephone and attorney ID#) |
| 2746 Scenic Gulf Drive, Unit 211 | Leo M. Gibbons (67267); Andrew R. Silverman (310569) |
| Miramar Beach, FL 32550 | 17 W. Miner St, Box 660, West Chester, PA 19381-0660 |

| Defendant(s): (Name, Address) | Are there any related cases? Please provide case nos. |
|---|---|
| Nicholas Palazzo, 365 Forest Avenue, Apt. 4D, Palo Alto, CA 94301 | |
| SSPT Network, Inc., 171 Main St., #257, Los Altos, CA 94022 | |

**Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached.**

If this is an appeal from a Magisterial District Judgment, was appellant ◯ Plaintiff or ◯ Defendant in the original action?

Jury Trial Demanded ⦿ Yes ◯ No

Nature of case if not on previous cover sheet – Please choose the most applicable

| | | |
|---|---|---|
| | Annulment | |
| | Custody · Conciliation Required | |
| | Custody· Foreign Order | |
| | Custody - No Conciliation Required | |
| | Divorce - Ancillary Relief Request | |
| | Divorce - No Ancillary Relief Requested | |
| | Foreign Divorce | |
| | Foreign Protection from Abuse | |
| | Paternity | |
| | Protection from Abuse | |
| | Standby Guardianship | |

| | |
|---|---|
| | Writ of Certiorari |
| | Injunctive Relief |
| | Mechanics Lien Claim |
| | Issuance of Foreign Subpoena |
| | Name Change |
| | Petition for Structured Settlement |

**Arbitration Cases Only**

Arbitration Date

Arbitration Time

Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition from occurring prior to the arbitration date.

This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.  There is no right to a trial *de novo* on appeal from a decision entered by a judge.

**Notice of Trial Listing Date**

Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filed unless otherwise ordered by the Court.

To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date.

**File with:** Chester County Justice Center,  Prothonotary Office, 201 W. Market St., Ste. 1425, PO Box 2746, West Chester, PA 19380-0989

These cover sheets must be served upon all other parties to the action immediately after filing.
Submit enough copies for service.

Leo M. Gibbons, Esquire
Attorney ID No. 67267
Andrew R. Silverman, Esquire
Attorney ID No. 310569
MacELREE HARVEY, LTD.
17 W. Miner Street, PO Box 660
West Chester, PA 19381-0660
(610) 436-0100

ATTORNEY FOR PLAINTIFF
DANIEL O'SHAUGHNESSY

---

DANIEL O' SHAUGHNESSY
2746 Scenic Gulf Drive, Unit 211
Miramar Beach, FL 32550

       Plaintiff,

    v.

NICHOLAS PALAZZO
365 Forest Avenue, Apt. 4D
Palo Alto, CA 94301

    and

SSPT NETWORK, INC.
171 Main Street, #257
Los Altos, CA 94022

       Defendants.

IN THE COURT OF COMMON PLEAS
CHESTER COUNTY, PENNSYLVANIA

NO.

JURY TRIAL DEMANDED

---

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO
PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL
SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL AND INFORMATION SERVICE
Chester County Bar Association
15 West Gay Street – Second Floor
West Chester, PA  19381-3191
(610) 429-1500

Leo M. Gibbons, Esquire
Attorney ID No. 67267
Andrew R. Silverman, Esquire
Attorney ID No. 310569
MacELREE HARVEY, LTD.
17 W. Miner Street
PO Box 660
West Chester, PA 19381-0660
(610) 436-0100

ATTORNEY FOR PLAINTIFF
DANIEL O'SHAUGHNESSY

---

DANIEL O'SHAUGHNESSY
2746 Scenic Gulf Drive, Unit 211
Miramar Beach, FL 32550

        Plaintiff,

   v.

NICHOLAS PALAZZO
365 Forest Avenue, Apt. 4D
Palo Alto, CA 94301

     and

SSPT NETWORK, INC.
171 Main Street, #257
Los Altos, CA 94022

        Defendants.

IN THE COURT OF COMMON PLEAS
CHESTER COUNTY, PENNSYLVANIA

NO.

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff Daniel O'Shaughnessy ("Plaintiff"), by his attorneys, hereby submits this Complaint against the defendants named herein and alleges, upon information and belief based upon, *inter alia*, his own personal knowledge, investigation, and the investigation of Plaintiff's counsel, as follows:

### NATURE AND SUMMARY OF THE ACTION

1.    Defendants SSPT Network, Inc. ("SSPT Network") and its principal, Nicholas Palazzo ("Palazzo" and, together with SSPT Network, the "Defendants"), engaged in an elaborate scheme to defraud Plaintiff of $1,000,000. Plaintiff now brings this action against

1

Palazzo and SSPT Network for breach of contract, default of a promissory note, participation theory, unjust enrichment, conversion, violation of the federal RICO Act, and fraud.

PARTIES

2.      Plaintiff Daniel O'Shaughnessy is a competent adult individual and Florida resident with an address of 2746 Scenic Gulf Drive, Unit 211, Miramar Beach, Florida 32550.

3.      Defendant SSPT Network is a Delaware corporation with its principal executive offices located at 171 Main Street, #257, Los Altos, California 94022 and which may be served process at its registered agent, CT Corporation, located at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

4.      Defendant Palazzo is an adult individual residing at 365 Forest Aveenue, Apt. 4D, Palo Alto, California. Defendant Palazzo is, upon information and belief, a stockholder of SSPT Network and is SSPT Network's principal. At all times material hereto, SSPT Network was inadequately capitalized, acted merely as façade of Palazzo, and acted as an alter ego of Palazzo, who used SSPT Network to perpetrate fraud on the Plaintiff as described herein.

5.      Non-party J. Barry Thompson (also known as Jerry B. Thompson) is an adult individual residing at 131 W. Burke Street, Easton, Pennsylvania 18042.

6.      Non-party FTL Holding, LLC is a Delaware limited liability company with its principal executive offices located at 131 W. Burke Street, Easton, Pennsylvania 18042.

7.      Non-party Citrof LLC is a Delaware limited liability company with its principal executive offices located at 1 West Broad Street, 11th Floor, Bethlehem, PA 18018.

8.      Non-party LCapital LLP is a partnership organized in the United Kingdom with its executive offices located at 478-480, 29 Finsbury Circus, London, EC2M 5QQ.

2

9.      Non-party William C. Cumbie, Esquire is an attorney licensed to practice in the
State of Florida, whose address is 4930 Bridgewater Circle, Jacksonville, FL 32207.

FACTUAL ALLEGATIONS

**The Investment Agreement**

10.     Plaintiff, as the Co-Beneficiary, and SSPT Network entered into an agreement on
July 3, 2019 (the "Investment Agreement") whereby Plaintiff agreed to deposit $1,000,000 (the
"Deposit) into an account called "William C Cumbie PA Trust" (the "Cumbie Account"). A true
and correct copy of the Investment Agreement is attached hereto and incorporated herein as
EXHIBIT A.

11.     According to Defendants and their intermediaries, SSPT Network was "pre-
approved" and therefore had access to a "trade" and "bond deal" in Europe but it required a
certain amount of capital to proceed. The Deposit was to be held in the Cumbie Account on a
temporary basis to demonstrate SSPT Network's capital and, thereby, allow SSPT Network to
participate in the "trade."

12.     Pursuant to the Investment Agreement, SSPT Network promised to return the
Deposit in full by July 18, 2019. *See* EXHIBIT A at ¶¶ 2-3.

13.     The Investment Agreement further provided that SSPT Network would engage in
a "business transaction" that would result in aggregate payments of $4,000,000 to be made by
SSPT Network to the Plaintiff by July 18, 2019. *See* EXHIBIT A at ¶ 4.

14.     The Investment Agreement provided that if SSPT Network failed to engage in the
"business transaction," the Deposit would be returned. *See* EXHIBIT A at ¶ 6.

3

15.     Neither of the Defendants disclosed that Palazzo would draw a commission in the amount of $140,035 from the Deposit, which, in accordance with Section 2 of the Investment Agreement, was only to be held by SSPT Network on a temporary basis.

16.     The Plaintiff wired the Deposit to the Cumbie Account on July 3, 2019.

17.     SSPT Network did not return the Plaintiff's Deposit by July 18, 2019.

18.     SSPT Network did not pay the Plaintiff proceeds from any "business transaction" on July 18, 2019.

19.     SSPT Network entered into a promissory note in favor of the Plaintiff on July 3, 2019 (the "Note") whereby SSPT Network promised to pay Plaintiff the principal amount of $1,000,000 by July 18, 2019. A true and correct copy of the Note is attached hereto and incorporated herein as EXHIBIT B.

20.     SSPT Network did not pay the sums due under the Note.

21.     SSPT Network's failure to pay sums due under the Note and the Investment Agreement motivated the Plaintiff to demand repayment and to investigate the background underlying the "business transaction."

22.     As a result of that investigation, the Plaintiff discovered a document entitled "Closing Instruction" purportedly signed by the Plaintiff, which authorized a company called Citrof LLC and an individual named J. Barry Thompson to distribute the Deposit to certain parties on behalf of the Plaintiff and Defendants. A true and correct copy of the "Closing Instruction" is attached hereto and incorporated herein as EXHIBIT C.

23.     The signature of the Plaintiff to the Closing Instruction is a forgery committed, upon information and belief, by or with the aid of the Defendants.

4

24.     Based on the purported authority of the Closing Instruction and several payment instructions prepared by Citrof LLC and J. Barry Thompson, William C. Cumbie, Esquire, an attorney licensed in the State of Florida who acted as an escrow agent, caused several distributions to be made from the Cumbie Account, which held the Deposit, on July 3, 2019. These wires included:

      (a) a wire in the amount of $10,000 to FTL Holding, LLC;

      (b) a wire in the amount of 140,035 to SSPT Network;

      (c) a wire in the amount of $842,465 to 1st Contact Money t/a Sable International Collections CM (LCapital LLP, beneficiary); and

      (d) a wire in the amount of $7,500 to William C. Cumbie, Esquire.

True and correct copies of the payment instructions and wire transfer outgoing requests are attached hereto and incorporated herein as EXHIBIT D.

25.     The "business transaction" referred to by SSPT Network never existed. The Deposit was never invested into any "business transaction."

26.     On or about September 12, 2019, during a telephone call with the Plaintiff, Palazzo called the wire of $140,035 to SSPT Network his "commission."

27.     The Plaintiff never approved a commission to be drawn from the Deposit or to be paid to SSPT Network or Palazzo.

28.     The wires issued in subsections 24(a) through (d) were not approved by O'Shaughnessy. Rather, Mr. Cumbie authorized the wires based upon the forged documentation created by or with the aid of the Defendants.

5

## COUNT 1: BREACH OF CONTRACT

29.     The foregoing paragraphs are incorporated herein by reference.

30.     Pursuant to the Investment Agreement between the Plaintiff and SSPT Network, SSPT Network was obligated to return the Deposit to Plaintiff by July 18, 2019.

31.     SSPT Network breached the Investment Agreement by failing to return the Deposit to Plaintiff by July 18, 2019.

32.     Pursuant to the Investment Agreement between the Plaintiff and SSPT Network, SSPT Network was obligated to pay the Plaintiff proceeds from the "business transaction" in an aggregate amount equal to $4,000,000 by July 18, 2019.

33.     SSPT Network did not pay the Plaintiff any proceeds from a "business transaction" by July 18, 2019.

34.     SSPT Network breached the Investment Agreement by failing to return the Deposit and failing to pay the Plaintiff $4,000,000 in proceeds from the "business transaction" by July 18, 2019.

35.     As a direct and proximate result of the breach, the Plaintiff sustained damages in the amount of $5,000,000.

WHEREFORE, the Plaintiff requests that judgment be entered in his favor and against Palazzo and SSPT Network, its alter ego, jointly and severally, in the amount of $5,000,000 plus pre- and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT 2: BREACH OF CONTRACT

36.     The foregoing paragraphs are incorporated herein by reference.

6

37.     Pursuant to the Note between the Plaintiff and SSPT Network, SSPT Network was obligated to pay the Plaintiff $1,000,000 by July 18, 2019.

38.     SSPT Network breached the Note by failing to make the required payments by July 18, 2019.

39.     As a proximate and direct result of the breach, Plaintiff sustained damages of $1,000,000.

WHEREFORE, the Plaintiff requests that judgment be entered in his favor and against Palazzo and SSPT Network, its alter ego, jointly and severally, in the amount of $1,000,000 plus pre- and post-judgment interest, costs, and such other relief as this Court deems appropriate.

## COUNT 3: PARTICIPATION THEORY

40.     The foregoing paragraphs are incorporated herein by reference.

41.     Defendant Palazzo is, upon information and belief, a stockholder of SSPT Network and SSPT Network's principal.

42.     As stated hereinabove in paragraphs 10 through 28, SSPT Network, through its owner and principal, Palazzo, made intentional and material misrepresentations and omissions to Plaintiff which were relief upon by Plaintiff.

43.     As demonstrated in these paragraphs, in particular, paragraph 24, Plaintiff suffered injuries as a result of these misrepresentations.

44.     Palazzo orchestrated and participated in the misrepresentations made to Plaintiff.

45.     The actions and omissions of Palazzo and SSPT Network were the proximate and legal cause of Plaintiff's injuries.

7

WHEREFORE, the Plaintiff requests that judgment be entered in his favor and against Palazzo and SSPT Network, its alter ego, jointly and severally, in the amount of $1,000,000 plus pre- and post-judgment interest, costs, and such other relief as this Court deems appropriate.

### COUNT 4: UNJUST ENRICHMENT

46.     The foregoing paragraphs are incorporated herein by reference.

47.     Plaintiff tendered the amount of $1,000,000.00 to Defendants, the entire amount of which was to be held in escrow by Defendants and returned to Plaintiff before July 18, 2019.

48.     Defendants appreciated, accepted and retained the $1,000,000.00 and disbursed those funds without permission by Plaintiff.

49.     Defendants' acceptance and retention of the $1,000,000.00 was made under such circumstances that it would be inequitable for Defendants to retain those benefits without repaying for them.

50.     Defendants have been unjustly enriched in the amount of $1,000,000.00, and it would be inequitable for Defendants to retain this benefit.

WHEREFORE, the Plaintiff requests that judgment be entered in his favor and against Palazzo and SSPT Network, its alter ego, jointly and severally, in the amount of $1,000,000 plus pre- and post-judgment interest, costs, and such other relief as this Court deems appropriate.

### COUNT 5: CONVERSION

51.     The foregoing paragraphs are incorporated herein by reference.

52.     As stated in paragraphs 10 through 28 above, Defendants caused the $1,000,000.00 in funds tendered by Plaintiff to be removed from the escrow and thereby wrongfully and tortuously converted these funds to Defendants' own use.

3337592v2
151915.45202

53.     Defendants are responsible for $1,000,000.00 they converted to their own use and are liable to Plaintiff for the return of these monies in the amount of $1,000,000.00.

WHEREFORE, the Plaintiff requests that judgment be entered in his favor and against Palazzo and SSPT Network, its alter ego, jointly and severally, in the amount of $1,000,000 plus pre- and post-judgment interest, costs, and such other relief as this Court deems appropriate.

## COUNT 6: VIOLATION OF 18 U.S.C. §1962(C)

54.     The foregoing paragraphs are incorporated herein by reference.

55.     SSPT Network, a Delaware corporation, is an entity that is capable of holding a legal or beneficial interest in property.

56.     Palazzo, a person capable of holding a legal or beneficial interest in property, served as the principal and sole stockholder of SSPT Network.

57.     Citrof LLC, a Delaware limited liability company, is an entity that is capable of holding a legal or beneficial interest in property.

58.     FTL Holding, LLC, a Delaware limited liability company, is an entity that is capable of holding a legal or beneficial interest in property.

59.     J. Barry Thompson, a person capable of holding a legal or beneficial interest in property, served as the principal of Citrof LLC and as the principal of FTL Holding, LLC.

60.     LCapital LLP, a partnership organized under the laws of the United Kingdom, is an entity that is capable of holding a legal or beneficial interest in property.

61.     SSPT Network, Palazzo, Citrof LLC, FTL Holding, LLC, J. Barry Thompson, and LCapital LLP engaged enterprises whose activities affect foreign and interstate commerce.

62.     SSPT Network, Palazzo, Citrof LLC, FTL Holding, LLC, J. Barry Thompson, and LCapital LLP willfully devised and participated in a scheme intended to defraud the Plaintiff from

its business and property interests by means of the interstate wire, email, and telecommunications systems.

63.     SSPT Network, Palazzo, Citrof LLC, FTL Holding, LLC, J. Barry Thompson, and LCapital LLP used interstate wire, email, and telecommunications to misrepresent to the Plaintiff that it would receive a return of the Deposit.

64.     SSPT Network, Palazzo, Citrof LLC, FTL Holding, LLC, J. Barry Thompson, and LCapital LLP used interstate wire, email, and telecommunications to misrepresent to the Plaintiff that it would receive proceeds from a "business transaction" in the amount of $4,000,000.

65.     In fact, SSPT Network, Palazzo, Citrof LLC, FTL Holding, LLC, J. Barry Thompson, and LCapital LLP did not intend to return the Deposit to the Plaintiff.

66.     In fact, the "business transaction" promised to the Plaintiff by SSPT Network, Palazzo, Citrof LLC, FTL Holding, LLC, J. Barry Thompson, and LCapital LLP did not exist.

67.     The intent of SSPT Network, Palazzo, Citrof LLC, FTL Holding, LLC, J. Barry Thompson, and LCapital LLP with respect to the above-described acts was to procure the economic benefit of the Deposit without repayment.

68.     SSPT Network, Palazzo, Citrof LLC, FTL Holding, LLC, J. Barry Thompson, and LCapital LLP engaged in multiple related acts of wire fraud, including, without limitation:

> (a) SSPT Network, Palazzo, Citrof LLC, FTL Holding, LLC, J. Barry Thompson, and LCapital LLP used the wires, emails, and telecommunications systems to conspire a scheme to defraud the Plaintiff at all times material hereto, commencing on or about November 2018;
>
> (b) SSPT Network, Palazzo, Citrof LLC, FTL Holding, LLC, J. Barry Thompson, and LCapital LLP used the wires, emails, and telecommunications systems to

10

solicit the Plaintiff's investment based upon the representation of a "business transaction," "trade," and "bond deal" that did not exist; and

(c) SSPT Network, Palazzo, Citrof LLC, FTL Holding, LLC, J. Barry Thompson, and LCapital LLP used the wires, emails, and telecommunications systems to solicit the Plaintiff's placement of a Deposit with SSPT Network based upon the misrepresentation that it would be returned, and which was used, instead, to enrich SSPT Network, Palazzo, Citrof LLC, FTL Holding, LLC, J. Barry Thompson, and LCapital LLP.

69.     The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

70.     SSPT Network and Palazzo directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above in violation of 18 U.S.C. § 1962(c).

71.     As a direct and proximate result of SSPT Network and Palazzo's racketeering activities and violations of 18 U.S.C. § 1962(c), the Plaintiff has been injured in its business and property in that it has lost custody of the Deposit.

WHEREFORE, the Plaintiff requests that judgment be entered in its favor and against SSPT Network and Palazzo, jointly and severally, in the sum of $3,000,000, representing actual and treble damages, plus pre- and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT 7: FRAUD

72.     The foregoing paragraphs are incorporated herein by reference.

11

73.     During the Defendants' course of dealing with the Plaintiffs, the Defendants engaged in the following misrepresentations or material omissions of fact to the Plaintiff:

(d) The Defendants did not disclose to the Plaintiff that SSPT Network would receive a commission drawn from the Plaintiff's Deposit.

(e) The Defendants misrepresented that the Deposit would be necessary for SSPT Network to have access to a "trade" or "business transaction" that did not exist.

(f) On multiple occasions between the date of execution of the Investment Agreement and present day, the Defendants misrepresented that the Deposit would be returned to the Plaintiff.

(g) The Defendants misrepresented authority given to them by the Plaintiff to cause the wires described in subparagraphs 23(a) through (d) by forging the Plaintiff's signature on the Closing Instruction.

(h) The Defendants omitted that the Deposit would not be held in escrow but, instead, wired to third parties without the Defendant's knowledge.

74.     The Defendants knew that the aforementioned misrepresentations were false or made with a reckless indifference to the truth.

75.     The omissions described in subparagraphs 58(a) through (e) herein were material and made with the intent to induce the Plaintiff to give the Defendants $1,000,000.

76.     The Plaintiff relied on the misrepresentations when he entered into the Investment Agreement and supplied Mr. Cumbie the Deposit on the Defendants' behalf.

77.     Had the Plaintiff known of the facts intentionally omitted by the Defendant in subparagraphs 85(a) through 58(e) herein, the Plaintiff would not have entered into the Investment Agreement or supplied Mr. Cumbie the Deposit or had any dealings with the Defendants.

12

78.     As a direct and proximate result of the misrepresentations and omissions as above-described, the Plaintiff suffered injury, including general, special, consequential, and punitive damages.

WHEREFORE, the Plaintiff requests that judgment be entered in his favor and against Palazzo and SSPT Network, its alter ego, jointly and severally, in a sum in excess of $1,000,000, representing general, special, consequential, and punitive damages, plus pre- and post-judgment interest, costs, and such other relief as this Court deems appropriate.

MacELREE HARVEY, LTD.

By: _____
        Leo M. Gibbons, Esquire (67267)
        Andrew R. Silverman, Esquire (310569)
        Attorneys for Plaintiff

13

# EXHIBIT "A"



# AGREEMENT

This Agreement is entered by and between the **"Parties"**

    1.    **SSPT Network, INC**
        228 Hamilton Avenue, 3rd Floor
        Palo Alto, California 94301

        (hereinafter referred to as **"SSPT"** or the **"Provisioner"**)

and

    2.    **FCM Capital Partners INC**
        2400 Professional Drive, Suite 150
        Roseville, California 95661

        (hereinafter referred to as **"FCM"** or **"Beneficiary"**)

        Each of the above mentioned parties of this Agreement (the **"Agreement"**)
        a **"Party"** or together the **"Parties"**.



## Subject Matter of the Agreement

(1) The Beneficiary shall lend to the Provisioner an amount of USD 1,000,000 [US Dollar one million] (the *"Pre-Paid Interest Loan"*) no later than July 3rd, 2019 (hereafter referred to as "the Deposit").

(2) The Provisioner shall guarantee the Beneficiary and Co-Beneficiary the repayment of the Deposit no later than ten (10) business days after July 8, 2019.

(3) There will be no interest due or payable by the Provisioner to the Beneficiary for the Deposit.

(4) The Provisioner shall engage in a business transaction on behalf of the Beneficiaries, resulting in the payment of two traunches of USD 2,000,000 [US Dollar Two Million] each (the *"Proceeds"*). The first traunch to be paid no later than ten (10) business days after July 8, 2019 and the second traunch to be paid ten (10) business days following the first traunch (hereafter referred to as "the Transaction").

(5) If the Provisioner successfully executes the Transaction, the Beneficiary shall pay the Provisioner **USD 3,000,000** [US Dollar three million] no later than June 1, 2022. The Beneficiary shall have the option to prepay the **USD 3,000,000** [US Dollar three million] within sixty (60) days. If the **USD 3,000,000** [US Dollar three million] is not prepaid by Beneficiary, Provisioner and Beneficiary shall execute a security agreement granting Provisioner a security interests in Beneficiary.

(6) In the event the Provisioner is not successful within the time limits outlined, the USD 1,000,000 [US Dollar One Million] shall be automatically and without initiation, returned to the originator of said amount by the institution receiving said Deposit.

## Miscellaneous

(1) This Agreement and performance hereunder shall be governed by the laws of the state of California.

(2) If any provision of this Agreement is held invalid, illegal or unenforceable for any reason by any court of competent jurisdiction, such provision shall be severed and the remainder of the provisions hereof shall continue in full force and effect as if this

Agreement had been executed with the invalid, illegal or unenforceable provision eliminated. In the event of any such severance, the Parties shall negotiate in good faith with a view to replacing the provisions so severed with legal and enforceable provisions that have similar economic and commercial effect to the provisions so severed.

(3) Any amendments to this Agreement or parts thereof shall be considered effective only if they are in writing and signed by authorized representatives of both Parties.

(4) The entire Agreement between the Beneficiary and the Provisioner for the subject matter hereof is set forth herein.

(5) Funding between the Provisioner and the Beneficiary shall be wired per the instructions in Exhibit A attached to this Agreement.

[Next page is the signatures page]



**Signatures**

Provisioner:

**SSPT NETWORK, INC**

By: _N.P._____

Name: Nick Palazzo

Title:  Authorized Representative

Address: 228 Hamilton Avenue

3ʳᵈ Floor

Palo Alto, California 94301

Beneficiary:

**FCM CAPITAL PARTNERS, INC**

By:_____

Name: Chris Miller

Title:  Authorized Representative

Address: 2400 Professional Drive Suite 150

Roseville, California 95661

- - - - - - - - - - - - - - - - - - - - - - - -

Co-Beneficiary:

By: _____

Name: Daniel O'Shaughnessy

Title: Authorized Representative

Address: 2746 SCENIC GULF DR. #211

MIRAMAR BEACH, FL

32550

# EXHIBIT B

PROMISSORY NOTE

$1,000,000                                                                                          July 3, 2019

FOR VALUE RECEIVED, without defalcation, SSPT Network, Inc., a Delaware corporation, having a principal address at 228 Hamilton Avenue, 3rd Floor, Palo Alto, California 94301 ("Borrower"), promises to pay to the order of Daniel O'Shaughnessy, having a mailing address at 224 Bellevue Avenue, Haddonfield, New Jersey 08033 ("Lender"), the principal sum of $1,000,000 (the "Loan Amount") at Lender's office, or at such other place as Lender may from time to time designate in writing, in lawful money of the United States, together with all accrued interest thereon as provided in this Promissory Note (this "Note"), and all other amounts due and payable under this Note.

1.      **Payment of Interest and Principal.** Interest and principal under this Note shall be payable as follows:

(a)      **Interest.** Except as set forth in Section 1(d), the Loan Amount shall not accrue interest.

(b)      **Final Payment Date.** On July 18, 2019 (the "**Scheduled Maturity Date**"), a final payment in the aggregate amount of the entire Loan Amount shall become immediately due and payable in full.

(c)      **Default Interest.** If any amount payable under this Note is not paid when due (without regard to any applicable grace periods), whether at the Scheduled Maturity Date, by acceleration, or otherwise, the outstanding Loan Amount of this Note shall bear interest at an annual rate equal to 2.5 percent *per annum* (the "**Applicable Rate**") from the date payment was due until such delinquent payment is paid in full. This provision shall not imply that Borrower may cure any default or Event of Default other than as expressly permitted under the terms of this Note, nor shall this provision imply that Borrower has a right to delay or extend the dates upon which payments are due under this Note or any Loan Document. Payments of principal and interest under this Note shall be referred to as the "**Borrower's Obligations.**"

(d)      **Computation of Interest.** All computations of interest shall be made based on the actual number of days elapsed in a year of 366, as the case may be) days. Interest shall commence to accrue on the Loan Amount on the date of this Note and shall not accrue on the Loan Amount on the day on which it is paid if payment is made to Lender prior to 5:00 p.m. eastern time. Any payment of principal on this Note after 5:00 p.m. on any Business Day shall be credited against this Note on the next Business Day and interest will continue to accrue until so credited.

(e)      **Interest Rate Limitation.** The agreements made by Borrower with respect to this Note and any other document delivered herewith, if any, are expressly limited so that in no event shall the amount of interest received, charged, or contracted for by Lender exceed the highest lawful amount of interest permissible under the laws applicable to the Loan. If at any time performance of any provision of this Note or the other Loan Documents results in the highest lawful rate of interest permissible under applicable laws being

exceeded, then the amount of interest received, charged, or contracted for by Lender shall automatically and without further action by any party be deemed to have been reduced to the highest lawful amount of interest then permissible under applicable laws. If Lender shall ever receive, charge, or contract for, as interest, an amount which is unlawful, at Lender's election, the amount of unlawful interest shall be refunded to Borrower (if actually paid) or applied to reduce the then unpaid Loan Amount. To the fullest extent permitted by applicable laws, any amounts contracted for, charged, or received under the Loan Documents included for the purpose of determining whether the Applicable Rate would exceed the highest lawful rate shall be calculated by allocating and spreading such interest to and over the full stated term of this Note.

2.  **Prepayment**. The Borrower's Obligations due hereunder may be paid at any time in whole or in part, without penalty. Payments shall be applied in accordance with Section 3(b) hereof.

3.  **Payment Mechanics**.

(a)  **Manner of Payment**. All payments of interest, principal and all other sums due hereunder shall be made in lawful money of the United States of America no later than 5:00 p.m. eastern time on the date on which such payment is due by cashier's check, certified check, or by wire transfer of immediately available funds to Lender's account at a bank specified by Lender in writing to Borrower from time to time.

(b)  **Application of Payments**. All payments made hereunder shall be applied *first*, to the payment of any fees or charges outstanding hereunder and under any documents delivered herewith as determined by Lender in its sole discretion; *second*, to accrued interest at the Applicable Rate or the Default Rate, as applicable; and *third*, to the payment of the principal amount outstanding under the Note. Notwithstanding the foregoing, after an Event of Default, all payments made hereunder may be applied by Lender in such order, priority and in such proportion as Lender shall elect in its sole discretion.

(c)  **Business Day Convention**. Whenever any payment to be made hereunder shall be due on a day that is not a Business Day, such payment shall be made on the next succeeding Business Day and such extension will be taken into account in calculating the amount of interest payable under this Note. As used in this Agreement, the term "**Business Day**" means a day other than a Saturday, Sunday, or other day on which commercial banks in Philadelphia, Pennsylvania are authorized or required by law to close.

(d)  **Rescission of Payments**. If at any time any payment made against this Note is rescinded or must otherwise be restored or returned upon the insolvency, bankruptcy, or reorganization of Borrower or such other person who makes payment on Borrower's behalf, or otherwise, or if any check or other written order to pay any amount to Lender is dishonored or returned as unpaid by the bank against whom it is drawn, Borrower's obligation to make such payment shall be reinstated as though such payment had not been made.

4.      **Events of Default**. The occurrence of any of the following events shall constitute an event of default ("**Event of Default**") under this Note:

(a)      **Failure to Pay**. Borrower fails to pay: (i) any of the Loan Amount when due; or (ii) interest or any other amount when due [and such failure continues for 10 days after the original due date].

(b)      **Default under Other Agreement**. An "Event of Default" (as defined in the Loan Agreement/Security Instrument) shall occur, or Borrower or any Guarantor fails to perform any other obligation set forth in this Note or any other agreement between the parties.

5.      **Remedies**. Upon the occurrence of an Event of Default and at any time thereafter and during the continuance of such Event of Default, Lender may at its option: (a) declare the entire principal amount of this Note, together with all accrued interest thereon and all other Borrower's Obligations, immediately due and payable; and (b) exercise any or all of its rights, powers, or remedies under any other document delivered herewith or applicable law or available in equity.

6.      **CONFESSION OF JUDGMENT. FOLLOWING AN EVENT OF DEFAULT WHEREIN SAID DEFAULT CANNOT OCCURE PRIOR TO 30 DAYS FOLLOWING JULY 18TH, 2019, PAYOR HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY-AT-LAW TO APPEAR IN ANY COURT OF RECORD AND TO CONFESS JUDGMENT AGAINST IT FOR THE UNPAID AMOUNT OF NOTE AS EVIDENCED BY AN AFFIDAVIT SIGNED BY A REPRESENTATIVE OF LENDER SETTING FORTH THE AMOUNT THEN DUE, ATTORNEYS' FEES OF TEN PERCENT (10%) OF THE TOTAL INDEBTEDNESS OR FIVE THOUSAND ($5,000.00), WHICHEVER IS THE LARGER AMOUNT, PLUS COSTS OF SUIT, AND TO RELEASE ALL ERRORS, AND WAIVE ALL RIGHTS OF APPEAL. BORROWER WAIVES THE RIGHT TO ANY STAY OF EXECUTION AND THE BENEFIT OF ALL EXEMPTION LAWS NOW OR HEREAFTER IN EFFECT. NO SINGLE EXERCISE OF THE FOREGOING WARRANT AND POWER TO CONFESS JUDGMENT WILL BE DEEMED TO EXHAUST THE POWER, WHETHER OR NOT ANY SUCH EXERCISE SHALL BE HELD BY ANY COURT TO BE INVALID, VOIDABLE OR VOID; BUT THE POWER WILL CONTINUE UNDIMINISHED AND MAY BE EXERCISED FROM TIME TO TIME AS LENDER MAY ELECT UNTIL ALL AMOUNTS OWING ON THIS NOTE HAVE BEEN PAID IN FULL. BORROWER HEREBY WAIVES AND RELEASES ANY AND ALL CLAIMS OR CAUSES OF ACTION WHICH IT MIGHT HAVE AGAINST ANY ATTORNEY ACTING UNDER THE TERMS OF AUTHORITY WHICH IT HAS GRANTED HEREIN ARISING OUT OF OR CONNECTED WITH THE CONFESSION OF JUDGMENT HEREUNDER.**

7.      **IN GRANTING THE ABOVE WARRANT OF ATTORNEY TO CONFESS JUDGMENT, BORROWER HEREBY KNOWINGLY, INTENTIONALLY, AND VOLUNTARILY WAIVES ANY AND ALL RIGHTS (GRANTED BY CONSTITUTION, STATUE, RULE REGULATION OR OTHERWISE) IT HAS OR MAY HAVE EITHER UPON THE CONFESSION OF JUDGMENT AGAINST IT, OR AGAINST ANY OF THEM (IF MORE THAN ONE), OR (AFTER THE MATURITY, BY ACCELERATION OR OTHERWISE, OF THE INDEBTEDNESS EVIDENCED HEREBY) UPON**

<u>EXECUTION OF PROCESS THEREON, BY GARNISHMENT OR OTHERWISE, AGAINST EITHER BORROWER OR PROPERTY OF BORROWER TO: (i) PRIOR NOTICE; (ii) A PRIOR JUDICIAL PROCEEDING; AND (iii) REVIEW BY AN AUTHORIZED PUBLIC OFFICIAL; AND BORROWER EXPRESSLY WAIVES SUCH RIGHTS AS AN EXPLICIT AND MATERIAL PART OF THE CONSIDERATION HEREOF.</u>

**ACKNOWLEDGED BY:**

SSPT NETWORK, INC.

By: _____

Name: Nick Palazzo

Title:   Authorized Representative

    **8.**    <u>Notice of Demand Expressly Waived.</u>  Any notice of demand to Borrower whatsoever is expressly waived, and any recourse against the Borrower is not required hereunder. Upon the occurrence of any Event of Default, Lender may immediately, and without demand or notice, exercise its rights or remedies granted herein, or under applicable law, or which it may otherwise have, against Borrower.  No delay or failure by Lender in exercising any of its rights or remedies hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right or remedy hereunder preclude any other of further exercise of any other right or remedy.

    **9.**    **Miscellaneous.**

        (a)    **Notices.** Unless specifically stated otherwise in this Note, all notices, requests, and communications required or permitted to be delivered under this Note shall be in writing and delivered to all persons at the addresses set forth in the preamble of this Agreement by: (i) hand delivery, whereby delivery is deemed to have occurred at the time of delivery; (ii) a nationally recognized overnight courier company, whereby delivery is deemed to have occurred the Business Day following deposit with the courier; or (iii) registered United States mail, signature required, and postage prepaid, whereby delivery is deemed to have occurred on the third Business Day following deposit with the United States postal service.

        (b)    **Expenses.** Borrower shall reimburse Lender on demand for all reasonable out-of-pocket costs, expenses, and fees (including reasonable expenses and fees of its counsel) incurred by Lender in connection with the transactions contemplated hereby including the negotiation, documentation, and execution of this Note and any document delivered herewith and the enforcement of Lender's rights hereunder and thereunder.

        (c)    **Governing Law.** This Note and any claim, controversy, dispute, or cause of action (whether in contract, equity, tort, or otherwise) based upon, arising out of, or relating to this Note and the transactions contemplated hereby shall be governed by the laws of the Commonwealth of Pennsylvania.

(d)    **Submission to Jurisdiction.** Borrower hereby irrevocably and unconditionally: (i) agrees that any legal action, suit, or proceeding arising out of or relating to this Note may be brought in the courts of the Commonwealth of Pennsylvania or of the United States of America for the Eastern District of Pennsylvania; and (ii) submits to the exclusive jurisdiction of any such court in any such action, suit, or proceeding. Final judgment against Borrower in any action, suit, or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment. Nothing in this Section 7(d) shall affect the right of Lender to: (i) commence legal proceedings or otherwise sue Borrower in any other court having jurisdiction over Borrower; or (ii) serve process upon Borrower in any manner authorized by the laws of any such jurisdiction.

(e)    **Waiver of Venue.** Borrower irrevocably and unconditionally waives, to the fullest extent permitted by applicable law, any objection that it may now or hereafter have to the laying of venue of any action or proceeding arising out of or relating to this Note in any court referred to in Section 7(d) and the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.

(f)    **Waiver of Jury Trial.** BORROWER HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY RELATING TO THIS NOTE, [THE LOAN DOCUMENTS], OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY WHETHER BASED ON CONTRACT, EQUITY, TORT, OR ANY OTHER THEORY.

(g)    **Successors and Assigns.** his Note may be assigned or transferred, in whole or in part, by Lender to any Person at any time without notice to or the consent of Borrower. Borrower may not assign or transfer this Note or any of its rights hereunder without the prior written consent of Lender. This Note shall inure to the benefit of and be binding upon the parties hereto and their permitted assigns.

(h)    **Waiver of Notice.** Borrower hereby waives presentment, demand for payment, protest, notice of dishonor, notice of protest or nonpayment, notice of intent to accelerate, notice of acceleration of maturity, and diligence in connection with the enforcement of this Note or the taking of any action to collect sums owing hereunder.

(i)    **Amendments and Waivers.** No term of this Note may be waived, modified, or amended except by an instrument in writing signed by both of the parties hereto. Any waiver of the terms hereof shall be effective only in the specific instance and for the specific purpose given.

(j)    **Headings.** The headings of the various Sections and subsections herein are for reference only and shall not define, modify, expand, or limit any of the terms or provisions hereof.

(k)    **No Waiver; Cumulative Remedies.** No failure to exercise and no delay in exercising on the part of Lender, of any right, remedy, power, or privilege hereunder shall

operate as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power, or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power, or privilege. The rights, remedies, powers, and privileges herein provided are cumulative and not exclusive of any rights, remedies, powers, and privileges provided by law or available in equity.

(l)     **Severability.** If any term or provision of this Note is invalid, illegal, or unenforceable in any jurisdiction, such invalidity, illegality, or unenforceability shall not affect any other term or provision of this Note or invalidate or render unenforceable such term or provision in any other jurisdiction. Upon such determination that any term or other provision is invalid, illegal, or unenforceable, the parties hereto shall negotiate in good faith to modify this Note so as to effect the original intent of the parties as closely as possible in a mutually acceptable manner in order that the transactions contemplated hereby be consummated as originally contemplated to the greatest extent possible.

(m)     **Interpretation.** For purposes of this Note: (i) the words "include," "includes," and "including" shall be deemed to be followed by the words "without limitation"; (ii) the word "or" is not exclusive; and (iii) the words "herein," "hereof," "hereby," "hereto," and "hereunder" refer to this Note as a whole. The definitions given for any defined terms in this Note shall apply equally to both the singular and plural forms of the terms defined. Whenever the context may require, any pronoun shall include the corresponding masculine, feminine, and neuter forms. Unless the context otherwise requires, references herein to an agreement, instrument, or other document means such agreement, instrument, or other document as amended, supplemented, and modified from time to time to the extent permitted by the provisions thereof and to a statute means such statute as amended from time to time and includes any successor legislation thereto and any regulations promulgated thereunder. This Note shall be construed without regard to any presumption or rule requiring construction or interpretation against the party drafting an instrument or causing any instrument to be drafted.

(n)     **Time of the Essence.** Time shall be of the essence with respect to all of Borrower's obligations under this Note.

(o)     **Electronic Execution.** The words "execution," "signed," "signature," and words of similar import in the Note shall be deemed to include electronic or digital signatures or the keeping of records in electronic form, each of which shall be of the same effect, validity, and enforceability as manually executed signatures or a paper-based record-keeping system, as the case may be, to the extent and as provided for under applicable law, including the Electronic Signatures in Global and National Commerce Act of 2000 (15 U.S.C. §§ 7001 to 7031) or any similar state laws based on the Uniform Electronic Transactions Act.

*The remainder of this page is intentionally left blank.*

IN WITNESS WHEREOF, Borrower has executed this Note as of the date set forth on the first page hereof.

BORROWER:

SSPT NETWORK, INC.

By: _____

Name: Nick Palazzo
Title:  Authorized Representative

# EXHIBIT C

Dated: 03 JULY 2019

To: JP Morgan Chase Bank, N.A.
270 Park Avenue
New York, NY 10017
C/o: WILLIAM C CUMBIE PA TRUST
CC: CITROF LLC.
With offices at:1 West Broad Street, 11th Floor, Bethlehem, PA 18018

Closing Instruction

Gentlemen,

Please be informed that on or about the 3rd day of July 2019, SSPT NETWORK INC. owners of the 'Project' (SSPT Funding) have instructed CITROF LLC. to undertake and complete the closing that is pending with LCAPITAL LLP. with offices located at 478-480, 29 Finsbury Circus, London, EC2M 5QQ, United Kingdom.

You are instructed to use the funds deposited in the JP Morgan Chase Account ending in          , that deposit being in the amount $1,000,000.00 (One Million Dollars and Zero Cents) to make any required payments to the Loan and Credit Processing Banks and Groups.

These 'pay-to' instructions, shall be provided to you by Mr. J BARRY THOMPSON Mr. Thompson's contact information is: Barry@jbthompson.com, his Telephone is +917-362-5168.

If you have any questions regarding the information provided or the instructions as listed, please forward your questions to, Mr. Nick Palazzo, the Chairman & CEO of; SSPT NETWORK INC, 228 Hamilton Ave. 3rd Floor, Pao Alto, CA 94301. Mr. Palazzo's contact information is: (646) 842-0551; Email address of:nick.palazzo@ssptnetwork.com

You are, instructed to act on the information above listed with all speed as time is of the essence.

Cordially

Daniel O'Shaughnessy

# EXHIBIT D

## SERVICE CONFIRMATION
07/05/2019



*EASY WAYS*
**TO ACCESS**
*YOUR ACCOUNT*

## CONTACT INFORMATION

### Name

❑ WILLIAM CUMBIE PA

### Business E-Mail Address

❑ wc@williamcumbielaw.com

### Business Primary Address

❑ 4930 BRIDGEWATER CIR
JACKSONVILLE, FL 32207-4945
USA

### Address Details

❑ 4930 BRIDGEWATER CIR
JACKSONVILLE, FL 32207-4945
USA

**Accounts Using this Address**

IOLTA Checking ending in

### Telephone Numbers

❑ Primary #
❑ Secondary #
❑ Cellular #
❑ Fax #
❑ International #

(850) 387-2455
No Secondary Phone Number on file
No Cellular Phone Number on file
No Fax Number on file
No International Phone Number on file

## WHAT WE DID FOR YOU TODAY

### Financial Transaction

❑ We submitted your Domestic wire transfer of $10000.00 USD from your account ending in       to FTL Holding LLC. Please refer to the Wire Transfer Outgoing Request form for more information.

❑ We submitted your Domestic wire transfer of $140035.00 USD from your account ending in       to SSPT Network Inc. Please refer to the Wire Transfer Outgoing Request form for more information.

❑ We submitted your Domestic wire transfer of $842465.00 USD from your account ending in       1ST CONTACT MONEY T/A SABLE INTL. Please refer to the Wire Transfer Outgoing Request form for more information.

## ACCESS YOUR ACCOUNT FROM VIRTUALLY ANYWHERE, ANYTIME—MOBILE, ONLINE, DEBIT CARD, ATMs, OR STOP BY YOUR BRANCH.

KAVREN M INTERDONATO                    San Marco                                        (904) 513-6589
Questions? Visit www.Chase.com or call (800) 242-7338 .

Deposit products provided by JPMorgan Chase Bank, N.A. Member FDIC
Lending products provided by JPMorgan Chase Bank, N.A
Credit cards issued by Chase Bank USA, N.A.
© 2012 JPMorgan Chase & Co.



**CHASE** ⬡

# CITROF LLC.

1 West Broad Street, 11th Floor, Bethlehem, PA 18018
Barry@jbthompson.com, Telephone +917-362-5168.

## SSPT NETWORK INC File 02B

## *PAYMENT INSTRUCTIONS*

### KNOW ALL MEN BY THESE PRESENTS:

Dated: The 5th day of July, 2019

Issued To: Mr. William Cumbie, P.A.
Jacksonville, FL 32207
Phone: (850) 387-2455

For and on behalf of **CITROF LLC**. it is herein declared that undersigned, Mr. J BARRY THOMPSON, the managing director of **CITROF LLC** the "Placement Manager" does hereby make the following statements:

For Project support services that are inclusive of corporate related costs, that may include payroll expenditures.

Mr. Cumbie you are herein instructed based on the use of funds agreement completed prior to the issuance of this Notice; to remove the amount listed below, from the deposited funds held in your IOLA account and complete the payments hereunder instructed.

**TO ALL INTERESTED PARTIES LET IT BE KNOWN**; As of the date listed on the top of this payment directive; Mr. William Cumbie is herein instructed to transfer United States Dollars **$140,035.00** to the account provided below. Please remove these funds from any available account the deposited funds held in your IOLA ACCOUNT THAT DEPOSIT HAVING BEEN MADE BY: SSPT NETWORK INC Project owners as contracted with CITROF LLC et-al

Mr. Cumbie; Please act on the provided instructions with all possible speed.

> **Account Name:  SSPT Network Inc.**
> **Address: 228 Hamilton Avenue, 3rd Floor**
> **Palo Alto, CA 94301**
> **Account Number:**
> **ABA/R&T:**
> **Bank Name:      Silicon Valley Bank**
> **Bank Address:  3003 Tasman Drive, Santa Clara, CA 95054**
> **Corporate address:** 228 Hamilton Avenue, 3rd Floor, Palo Alto, CA 94301

If you have any questions regarding the information provided or the instructions as listed, please forward your questions to Mr. J BARRY THOMPSON at the above listed email and or phone number.

For and on behalf of: **CITROF LLC (the instructor)** .

By; The Managing Director                                      Date; 5th, JULY 2019
Mr. J BARRY THOMPSON

# Wire Transfer Outgoing Request

**CHASE ◆**

## Wire Transfer Sender Information

| Sender Name: | | | | |
|---|---|---|---|---|
| WILLIAM C CUMBIE | | | | |

| Account Name: | | Street Address: | | |
|---|---|---|---|---|
| WILLIAM C CUMBIE PA IOTA TRUST ACCOUNT | | 4930 BRIDGEWATER CIR | | |

| City: | State: | Zip: | Country: | Daytime Phone: |
|---|---|---|---|---|
| JACKSONVILLE | FL | 32207-4945 | USA | 850-387-2495 |

| Primary ID Type: | ID Issuer: | ID Number: | ID Issue Date: | ID Exp: |
|---|---|---|---|---|
| Driver's License | FL | | | 09/02/2025 |

| Secondary ID Type: | ID Issuer: | ID Number: | ID Issue Date: | ID Exp: |
|---|---|---|---|---|
| Chase or Bank Issued Credit/Debit Card | CHASE | | | 11/30/2021 |

| Comments: |
|---|
| |

## Wire Transfer Information

| Request Date: | Request time: | Effective date: | Wire Type: |
|---|---|---|---|
| 07/05/2019 | 05:30:19PM  Eastern time | 07/08/2019 | Domestic |

| Debit Account #: | Debit Account Type: | Available balance: | Wire Amount (US dollars): |
|---|---|---|---|
| | IOLTA ACCOUNT | | $140,035.00 |

| Qualifying Account #: | Qualifying Account Type: | Source of funds: | Wire Fee: |
|---|---|---|---|
| | | Checking | $0 |

| Currency type to be sent: | Exchange rate: | Foreign currency amount: | Amount to Collect (USD): |
|---|---|---|---|
| US Dollars | N/A | N/A | $140,035.00 |

| FX Contract Number: |
|---|
| |

## Recipient Account Information

| Account Name: | | | |
|---|---|---|---|
| SSPT Network Inc | | | |

| Street Address: | Account Number: | | |
|---|---|---|---|
| 228 Hamilton Avenue 3rd Floor | | | |

| | City: | State: | Zip: | Country: |
|---|---|---|---|---|
| | Palo Alto | CA | 94301 | USA |

| Text to Recipient: |
|---|
| |

## Receiving Bank Information

| Bank Name: | | | |
|---|---|---|---|
| Silicon Valley Bank | | | |

| Street Address: | Bank ABA/SWIFT Code: | | |
|---|---|---|---|
| 2400 HANOVER ST | | | |

| | City: | State: | Zip: | Country: |
|---|---|---|---|---|
| | PALO ALTO | CA | 94306-2122 | USA |

| Intermediary Bank Name: |
|---|
| |

| Street Address: | Intermediary Bank ABA: | | |
|---|---|---|---|
| | | | |

| | City: | State: | Zip: | Country: |
|---|---|---|---|---|
| | | | | |

| Text to Receiving Bank: |
|---|
| |



## Wire Transfer Agreement - continued

**5. Future Dated Wire Transfers.**
You may request a future dated (one –time) domestic wire transfer, up to 10 business days from the current business days cutoff of 5 p.m. Eastern Time (2 p.m. Pacific Time). You cannot cancel a future dated wire transfer once it has been requested.

**6. Foreign Exchange Transfer.**
It is our discretion in which foreign currencies we will send wire transfers, and these can change at any time. If you send a wire transfer in a foreign currency, you authorize us to deduct the amount from your account at the exchange rate we offered at the time you requested it. The foreign exchange rates we use are determined by us in our sole discretion.

The exchange rate we use will include a spread and may include commissions or other costs that we, our affiliates, or our vendors may charge in providing foreign currency exchange to you.  The exchange rate may vary among customers depending on your relationship, products with us or the type of transaction being conducted, the dollar amount, type of currency, and the date and the time of the exchange. You should expect that these rates will be less favorable than rates quoted online or in publications.

If the funds are returned or payment cannot be made for any reason, we will not be liable for more than the amount of the wire transfer at our exchange rate at the time we return the funds to you, less charges taken by any other bank involved in the wire transfer. If you cancel a funds transfer request, other than a cancellation of a Consumer International Funds Transfer within 30 minutes after you authorized us to send it, and it causes a loss or cost to us, we may subtract funds from your account to cover these losses. If your initial request is returned, cancelled or changed, your new wire transfer request will be subject to a new exchange rate.

If the wire transfer is not in the currency of the recipient's account, the recipient's bank or another processing bank may reject the wire transfer or convert it. If converted, you agree the wire transfer may be converted to a different currency at their exchange rate and may subtract additional fees.

**7. Fees and Payment Route.**
We may charge a fee when you use this service. Please refer to your account agreement or product information for fees that may apply.  We may use any funds transfer system we believe reasonable to complete your request, regardless of any instructions you might give us. If we also are the recipient's bank, we may complete your request using an internal transfer. You are responsible for all fees and taxes, including our fees and any fees charged by other funds transfer systems or banks involved in the transfer.

**8. Wire Transfer System Rules and Laws.**
The use of this service is subject to all applicable U.S. federal and state laws, regulations, rules and wire transfer arrangements, including the respective state's Uniform Commercial Code Article 4A, as may be applicable. If you make a Consumer International Wire Transfer, it is also subject to additional federal laws and regulations which, in the event of a conflict with this Agreement, will govern. All of your wire transfers must comply with U.S. laws, including the regulations and economic sanctions administered by the U.S. Treasury Department's Office of Foreign Asset Control and other applicable laws.

**9. Indemnification.**
You will indemnify us for all claims, expenses, liabilities, and losses (including reasonable legal fees) if you or a third party makes a claim against us for any of our actions or services in this Agreement, unless they prove gross negligence or willful misconduct. You understand this section will survive even if you close your account or this Agreement is terminated.

**10. Failure to Perform; Limitation of Liability.**
We are only responsible for performing the services specified in this Agreement. We will not be liable for the failure or delay of any wire transfer or for failing to meet other obligations in the Agreement because of circumstances or causes beyond our control, including governmental, legal or regulatory restrictions or prohibitions, third party actions, natural disasters, equipment or system failures, labor disputes, wars or riots. We are not liable for any indirect, special or consequential damages.
Any provision of this Agreement that limits the bank's liability does not negate the bank's duty (if any) under applicable law to act in good faith and with reasonable care.

**11. Changes to the Agreement**
We may change the terms of this Agreement, including fees and features of this service, at any time. If any change would adversely affect you, we will notify you in advance, unless the change is necessary to comply with a legal requirement.

We may direct you to a branch or to your Chase Private Client banker for the content of any changes or the revised Agreement unless the law requires a different method. Your use of this service after we have made such changes available will be considered your agreement to the change.

By providing your signature as authorization, you agree to these terms and conditions, that the wire transfer information in this document is accurate and you authorize us to process this wire transfer.

Recipient Bank's Identifier (ABA/SWIFT): _____ Recipient's  Account Number: _____ _____

Sender's Signature: _____ Date: _____

Email Address: wc@williamcumbielaw.com

Transaction Number (Contact ID): _____ _____

The Email Address and Transaction Number provided will be used for communication purposes.





**Branch / Department Information**

Initiated by: KAVREN M INTERDONATO _____    Initiating Branch: San Marco - 104059 Phone: 904-513-6589 _____ Request Time: 05:30:19PM

Wire Transfer:  ☐ Approved   ☐ Declined        Approved/Declined by (Print): _____

Approved/Declined by (Signature): _____ Date: _____

Decline Reason: _____ Comments: _____

Approving Manager (wire amount over limit) _____

Method of Approval (attach required supporting documentation)  ☐ Phone call  ☐ Email  ☐ Other (explain) _____

Wire Tracking Information

FX Contract Number (if applicable) _____

# CITROF LLC.

1 West Broad Street, 11th Floor, Bethlehem, PA 18018
Barry@jbthompson.com, Telephone +917-362-5168.

## SSPT NETWORK INC File 03A

## *PAYMENT INSTRUCTIONS*

KNOW ALL MEN BY THESE PRESENTS:

Dated: The 5th day of July, 2019

Issued To: Mr. William Cumbie, P.A.
Jacksonville, FL 32207
Phone: (850) 387-2455

For and on behalf of **CITROF LLC**. it is herein declared that undersigned, Mr. J BARRY THOMPSON, the managing director of **CITROF LLC** the "Placement Manager" does hereby make the following statements:

For Project support services that are inclusive of corporate loan expenditures that include loan closing changes.

Mr. Cumbie you are herein instructed based on the use of funds agreement completed prior to the issuance of this Notice; to remove the amount listed below, from the deposited funds held in your IOLA account and complete the payments hereunder instructed.

**TO ALL INTERESTED PARTIES LET IT BE KNOWN**; As of the date listed on the top of this payment directive; Mr. William Cumbie is herein instructed to transfer United States Dollars **$842,465.00** to the account provided below. Please remove these funds from any available account the deposited funds held in your IOLA ACCOUNT THAT DEPOSIT HAVING BEEN MADE BY: SSPT NETWORK INC Project owners as contracted with CITROF LLC et-al

Mr. Cumbie; Please act on the provided instructions with all possible speed.

**Account Name: Bank: Community Federal Savings Bank**
**Account Name: 1st Contact Money T/A Sable International Collections CM**
**Account Number:**
**ABA Routing Code**
**Fedwire Routing Code:**
**Bank Address: 110, 7th Avenue, New York, NY 10019, US United States**
**Reference: LCAPITAL LLP, Beneficiary**

If you have any questions regarding the information provided or the instructions as listed, please forward your questions to Mr. J BARRY THOMPSON at the above listed email and or phone number.

For and on behalf of: **CITROF LLC (the instructor)** .

Date; 5th, JULY 2019

By; The Managing Director
Mr. J BARRY THOMPSON

## Wire Transfer Outgoing Request

**CHASE ◯**

### Wire Transfer Sender Information

| | |
|---|---|
| **Sender Name:** WILLIAM C CUMBIE | |
| **Account Name:** WILLIAM C CUMBIE PA IOTA TRUST ACCOUNT | **Street Address:** 4930 BRIDGEWATER CIR |

| City: JACKSONVILLE | State: FL | Zip: 32207-4945 | Country: USA | Daytime Phone: 850-3A7-2455 |
|---|---|---|---|---|

| Primary ID Type: Driver's License | ID Issuer: FL | ID Number: | ID Issue Date: | ID Exp: 09/02/2025 |
|---|---|---|---|---|
| Secondary ID Type: Chase or Bank Issued Credit/Debit Card | ID Issuer: CHASE | ID Number: | ID Issue Date: | ID Exp: 11/30/2021 |

**Comments:**

### Wire Transfer Information

| Request Date: 07/05/2019 | Request time: 05:39:16PM  Eastern time | Effective date: 07/08/2019 | Wire Type: Domestic |
|---|---|---|---|
| Debit   : #: | Debit Account Type: IOLTA ACCOUNT | Available balance: | Wire Amount (US dollars): $842,465.00 |
| Qualifying Account #: | Qualifying Account Type: | Source of funds: Checking | Wire Fee: $0 |
| Currency type to be sent: US Dollars | Exchange rate: N/A | Foreign currency amount: N/A | Amount to Collect (USD): $842,465.00 |

**FX Contract Number:**

### Recipient Account Information

| | |
|---|---|
| **Account Name:** 1ST CONTACT MONEY T/A SABLE INTL | |

| Street Address: | Account Number: | | | |
|---|---|---|---|---|
| | City: | State: | Zip: | Country: |

**Text to Recipient:**
LCAPITAL LLP, BENEFICIARY

### Receiving Bank Information

| | |
|---|---|
| **Bank Name:** Community Federal Savings Bank | |

| Street Address: 8916 JAMAICA AVE | Bank ABA/SWIFT Code: | | | |
|---|---|---|---|---|
| | City: JAMAICA | State: NY | Zip: 11421 | Country: USA |

**Intermediary Bank Name:**

| Street Address: | Intermediary Bank ABA: | | | |
|---|---|---|---|---|
| | City: | State: | Zip: | Country: |

**Text to Receiving Bank:**

## Wire Transfer Agreement - continued



**5. Future Dated Wire Transfers.**
You may request a future dated (one –time) domestic wire transfer, up to 10 business days from the current business days cutoff of 5 p.m. Eastern Time (2 p.m. Pacific Time). You cannot cancel a future dated wire transfer once it has been requested.

**6. Foreign Exchange Transfer.**
It is our discretion in which foreign currencies we will send wire transfers, and these can change at any time. If you send a wire transfer in a foreign currency, you authorize us to deduct the amount from your account at the exchange rate we offered at the time you requested it. The foreign exchange rates we use are determined by us in our sole discretion.

The exchange rate we use will include a spread and may include commissions or other costs that we, our affiliates, or our vendors may charge in providing foreign currency exchange to you. The exchange rate may vary among customers depending on your relationship, products with us or the type of transaction being conducted, the dollar amount, type of currency, and the date and the time of the exchange. You should expect that these rates will be less favorable than rates quoted online or in publications.

If the funds are returned or payment cannot be made for any reason, we will not be liable for more than the amount of the wire transfer at our exchange rate at the time we return the funds to you, less charges taken by any other bank involved in the wire transfer. If you cancel a funds transfer request, other than a cancellation of a Consumer International Funds Transfer within 30 minutes after you authorized us to send it, and it causes a loss or cost to us, we may subtract funds from your account to cover these losses. If your initial request is returned, cancelled or changed, your new wire transfer request will be subject to a new exchange rate.

If the wire transfer is not in the currency of the recipient's account, the recipient's bank or another processing bank may reject the wire transfer or convert it. If converted, you agree the wire transfer may be converted to a different currency at their exchange rate and may subtract additional fees.

**7. Fees and Payment Route.**
We may charge a fee when you use this service. Please refer to your account agreement or product information for fees that may apply.  We may use any funds transfer system we believe reasonable to complete your request, regardless of any instructions you might give us. If we also are the recipient's bank, we may complete your request using an internal transfer. You are responsible for all fees and taxes, including our fees and any fees charged by other funds transfer systems or banks involved in the transfer.

**8. Wire Transfer System Rules and Laws.**
The use of this service is subject to all applicable U.S. federal and state laws, regulations, rules and wire transfer arrangements, including the respective state's Uniform Commercial Code Article 4A, as may be applicable. If you make a Consumer International Wire Transfer, it is also subject to additional federal laws and regulations which, in the event of a conflict with this Agreement, will govern. All of your wire transfers must comply with U.S. laws, including the regulations and economic sanctions administered by the U.S. Treasury Department's Office of Foreign Asset Control and other applicable laws.

**9. Indemnification.**
You will indemnify us for all claims, expenses, liabilities, and losses (including reasonable legal fees) if you or a third party makes a claim against us for any of our actions or services in this Agreement, unless they prove gross negligence or willful misconduct. You understand this section will survive even if you close your account or this Agreement is terminated.

**10. Failure to Perform; Limitation of Liability.**
We are only responsible for performing the services specified in this Agreement. We will not be liable for the failure or delay of any wire transfer or for failing to meet other obligations in the Agreement because of circumstances or causes beyond our control, including governmental, legal or regulatory restrictions or prohibitions, third party actions, natural disasters, equipment or system failures, labor disputes, wars or riots. We are not liable for any indirect, special or consequential damages.
Any provision of this Agreement that limits the bank's liability does not negate the bank's duty (if any) under applicable law to act in good faith and with reasonable care.

**11. Changes to the Agreement**
We may change the terms of this Agreement, including fees and features of this service, at any time. If any change would adversely affect you, we will notify you in advance, unless the change is necessary to comply with a legal requirement.

We may direct you to a branch or to your Chase Private Client banker for the content of any changes or the revised Agreement unless the law requires a different method. Your use of this service after we have made such changes available will be considered your agreement to the change.

---

By providing your signature as authorization, you agree to these terms and conditions, that the wire transfer information in this document is accurate and you authorize us to process this wire transfer.

Recipient Bank's Identifier (ABA/SWIF\ _____   Recipient's  Account Number _____

Sender's Signature: _____   Date: _____

Email Address: wc@williamcumbielaw com

Transaction Number (Contact ID): ___   _____

The Email Address and Transaction Number provided will be used for communication purposes.





**Branch / Department Information**

Initiated by: KAVREN M INTERDONATO _____   Initiating Branch: San Marco - 104059 Phone: 904-513-6589 _____ Request Time: 05:39:16PM

Wire Transfer:   ☐ Approved   ☐ Declined   Approved/Declined by (Print): _____

Approved/Declined by (Signature): _____   Date: _____

Decline Reason: _____ Comments: _____

Approving Manager (wire amount over limit) _____

Method of Approval (attach required supporting documentation)   ☐ Phone call   ☐ Email   ☐ Other (explain) _____

**Wire Tracking Information**

FX Contract Number (if applicable) _____

# CITROF LLC.

1 West Broad Street, 11th Floor, Bethlehem, PA 18018
Barry@jbthompson.com, Telephone +917-362-5168.

## SSPT NETWORK INC File 01A

## *PAYMENT INSTRUCTIONS*

KNOW ALL MEN BY THESE PRESENTS:
Dated: The 5th day of July, 2019

Issued To: Mr. William Cumbie, P.A.
Jacksonville, FL 32207
Phone: (850) 387-2455

For and on behalf of **CITROF LLC**. it is herein declared that  undersigned, Mr. J BARRY THOMPSON, the managing director of **CITROF LLC** the "Placement Manager" does hereby make the following statements:

For Project support services provided in the month of July 2019, and for payment due at this time to the legal office of William Cumbie PA.

Mr. Cumbie you are herein instructed based on the use of funds agreement completed prior to the issuance of this Notice; to remove the amount listed below, from the deposited funds held in your IOLA account, as your non refundable payment for support work and other related services provided.

**TO ALL INTERESTED PARTIES LET IT BE KNOWN;** As of the date listed on the top of this payment directive; Mr. William Cumbie is herein instructed to transfer United States Dollars **$7,500.00** to the account provided below. Please remove these funds from any available account the deposited funds held in your IOLA ACCOUNT THAT DEPOSIT HAVING BEEN MADE BY: SSPT NETWORK INC Project owners as contracted with CITROF LLC et-al

Mr. Cumbie; Please act on the provided instructions with all possible speed.

    **pay to: WILLIAM C CUMBIE PA**
    **bank name: JP MORGAN  CHASE NA.**
    **Address: 270 PARK  AVENUE,NEW YORK, NY 10017**
    **Account name: WILLIAM  C CUMBIE  PA TRUST**
    **Account number:**
    **ABA/ ROUTING:**

If you have any questions regarding the information provided or the instructions as listed, please forward  your questions to Mr. J BARRY THOMPSON at the above listed email and or phone number.

For and on behalf of: **CITROF LLC (the instructor)** .

_____ Date; 5th, JULY 2019    *CM # 1097*

By; The Managing Director
Mr. J BARRY THOMPSON

William  Cumbie, Esquire
Attorney-at-Law
4930 Bridgewater Circle
Jacksonville, Florida 32207

# Statement

| Date |
|---|
| 7/6/2019 |

| To: |
|---|
| Citrof LLC<br>1 West Broad Street<br>11th Floor<br>Bethlehem, PA 18018 |

| | Amount Due | Amount Enc. |
|---|---|---|
| | $7,500.00 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 06/30/2019 | Balance forward | | 0.00 |
| 07/06/2019 | 07052019 Citrof SSPT-<br>Due 07/06/2019.<br>Project support Services provided July 2019, payment due to William Cumbie, P.A.<br>--- Administration/Ovrsight $7,500.00 | 7,500.00 | 7,500.00 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 7,500.00 | 0.00 | 0.00 | 0.00 | 0.00 | $7,500.00 |

Payment Receipt

**William  Cumbie, Esquire**
**Attorney-at-Law**
**4930 Bridgewater Circle**
**Jacksonville, Florida 32207**

**Received From:**

Citrof LLC
1 West Broad Street
11th Floor
Bethlehem, PA 18018

| | | | | |
|---|---|---|---|---|
| **Date Received** | 07/05/2019 | | **Payment Amount** | $7,500.00 |
| **Payment Method** | Check | | | |
| **Check/Ref. No.** | 1097 IOTA | | | |

**Invoices Paid**

| Date | Number | Amount Applied |
|---|---|---|
| 07/06/2019 | | -$7,500.00 |

## SERVICE CONFIRMATION
07/05/2019



*EASY WAYS*
**TO ACCESS**
*YOUR ACCOUNT*

## CONTACT INFORMATION

**Name**

❑  WILLIAM CUMBIE PA

**Business E-Mail Address**

❑  wc@williamcumbielaw.com

**Business Primary Address**

❑  4930 BRIDGEWATER CIR
   JACKSONVILLE, FL 32207-4945
   USA

**Address Details**

❑  4930 BRIDGEWATER CIR
   JACKSONVILLE, FL 32207-4945
   USA

**Accounts Using this Address**

IOLTA Checking ending ir

**Telephone Numbers**

❑  Primary #          (850) 387-2455
❑  Secondary #        No Secondary Phone Number on file
❑  Cellular #         No Cellular Phone Number on file
❑  Fax #              No Fax Number on file
❑  International #     No International Phone Number on file

## WHAT WE DID FOR YOU TODAY

**Financial Transaction**

❑  We submitted your Domestic wire transfer of $10000.00 USD from your account ending in         to FTL
   Holding LLC. Please refer to the Wire Transfer Outgoing Request form for more information.

❑  We submitted your Domestic wire transfer of $140035.00 USD from your account ending in         › SSPT
   Network Inc. Please refer to the Wire Transfer Outgoing Request form for more information.

❑  We submitted your Domestic wire transfer of $842465.00 USD from your account ending in         to 1ST
   CONTACT MONEY T/A SABLE INTL. Please refer to the Wire Transfer Outgoing Request form for more
   information.

## ACCESS YOUR ACCOUNT FROM VIRTUALLY ANYWHERE, ANYTIME—MOBILE, ONLINE, DEBIT CARD, ATMs, OR STOP BY YOUR BRANCH.

KAVREN M INTERDONATO          San Marco          (904) 513-6589
Questions? Visit www.Chase.com or call (800) 242-7338 .

Deposit products provided by JPMorgan Chase Bank, N.A. Member FDIC
Lending products provided by JPMorgan Chase Bank, N.A
Credit cards issued by Chase Bank USA, N.A.
© 2012 JPMorgan Chase & Co.



CHASE



**LCapital LLP**
PE Made Easy

Salisbury House, Office 478-480
29 Finsbury Circus, London EC2M 5QQ

3rd July 2019

C/o: CITROF LLC.
1 West Broad Street, 11th Floor,  Bethlehem, PA 18018
Email:Barry@jbthompson.com,
Telephone +917-362-5168

To Whom It May Concern:

Re: Funds placement for clients and project support services

Based on the needs of its projects and clients, **CITROF LLC.** and Mr. J BARRY THOMPSON, the Managing Director, have completed a number of agreements that are inclusive of but not limited to: project support services, and client funds management and loan origination services all undertaken based on agreements that have been completed with LCapital LLP.

These agreement had been completed prior to the issuance of this cover letter that has been provided for purposes of record keeping, additionally to confirm the business and working relationship as outlined in the mutual agreements that have been undertaken and completed therefore noted in this letter.

LCapital LLP, is an in independent service provider, that is providing support services to **CITROF LLC** and its clientel, as and when needed, however is not a partner nor a subsidiary of them.

If you require any information relating to the prelateship of LCapital LLP with **CITROF LLC,** please contact one of our representatives for queries relating to this matter.

Cordially

Mark

# CITROF LLC.

1 West Broad Street, 11th Floor, Bethlehem, PA 18018
Barry@jbthompson.com, Telephone +917-362-5168.

## SSPT NETWORK INC File 02B

## *PAYMENT INSTRUCTIONS*

### KNOW ALL MEN BY THESE PRESENTS:

Dated: The 5th day of July, 2019

Issued To: Mr. William Cumbie, P.A.
Jacksonville, FL 32207
Phone: (850) 387-2455

For and on behalf of **CITROF LLC.** it is herein declared that undersigned, Mr. J BARRY THOMPSON, the managing director of **CITROF LLC** the "Placement Manager" does hereby make the following statements:

For Project support services that are inclusive of corporate related costs, that may include payroll expenditures.

Mr. Cumbie you are herein instructed based on the use of funds agreement completed prior to the issuance of this Notice; to remove the amount listed below, from the deposited funds held in your IOLA account and complete the payments hereunder instructed.

**TO ALL INTERESTED PARTIES LET IT BE KNOWN;** As of the date listed on the top of this payment directive; Mr. William Cumbie is herein instructed to transfer United States Dollars $10,000.00 to the account provided below. Please remove these funds from any available account the deposited funds held in your IOLA ACCOUNT THAT DEPOSIT HAVING BEEN MADE BY; SSPT NETWORK INC Project owners as contracted with CITROF LLC et-al

Mr. Cumbie; Please act on the provided instructions with all possible speed.

**Account Name:**  FTL Holding LLC.
**Address:** 131 W. Burke St, Easton PA 18042
**Account Number:**
**ABA/R&T:**
**Bank Name:**     JP Morgan Private Bank (JP Morgan Chase)
**Bank Address:**  270 Park Ave, New York, NY 10017

If you have any questions regarding the information provided or the instructions as listed, please forward your questions to Mr. J BARRY THOMPSON at the above listed email and or phone number.

For and on behalf of: **CITROF LLC (the instructor)** .

By, The Managing Director
MR. J BARRY THOMPSON

Date; 5th, JULY 2019

## Wire Transfer Outgoing Request

**CHASE ◯**

### Wire Transfer Sender Information

| | | | | |
|---|---|---|---|---|
| **Sender Name:** WILLIAM C CUMBIE | | | | |
| **Account Name:** WILLIAM C CUMBIE PA IOTA TRUST ACCOUNT | | **Street Address:** 4930 BRIDGEWATER CIR | | |

| City: JACKSONVILLE | State: FL | Zip: 32207-4945 | Country: USA | Daytime Phone: 850-387-2455 |
|---|---|---|---|---|
| Primary ID Type: Driver's License | ID Issuer: FL | ID Number: ~~████~~ | ID Issue Date: | ID Exp: 09/02/2025 |
| Secondary ID Type: | ID Issuer: | ID Number: | ID Issue Date: | ID Exp: |

**Comments:**

### Wire Transfer Information

| Request Date: 07/05/2019 | Request time: 05:22:12PM Eastern time | Effective date: 07/08/2019 | Wire Type: Domestic |
|---|---|---|---|
| Debit Account #: | Debit Account Type: IOLTA ACCOUNT | Available balance: | Wire Amount (US dollars): $10,000.00 |
| Qualifying Account #: | Qualifying Account Type: | Source of funds: Checking | Wire Fee: $0 |
| Currency type to be sent: US Dollars | Exchange rate: N/A | Foreign currency amount: N/A | Amount to Collect (USD): $10,000.00 |
| FX Contract Number: | | | |

### Recipient Account Information

| | |
|---|---|
| **Account Name:** FTL Holding LLC | |
| **Street Address:** 131 W BURKE ST | **Account Number:** |

| City: EASTON | State: PA | Zip: 18042 | Country: USA |
|---|---|---|---|

**Text to Recipient:**

### Receiving Bank Information

| | |
|---|---|
| **Bank Name:** JPMorgan Chase Bank, National Association | |
| **Street Address:** 875 SAW MILL RIVER RD | **Bank ABA/SWIFT Code:** |

| City: ARDSLEY | State: NY | Zip: 10502-1199 | Country: USA |
|---|---|---|---|

| **Intermediary Bank Name:** | |
|---|---|
| **Street Address:** | **Intermediary Bank ABA:** |

| City: | State: | Zip: | Country: |
|---|---|---|---|

**Text to Receiving Bank:**

N15220-CS WTA (03/2019)

<u>Wire Transfer Agreement - continued</u> 

**5. Future Dated Wire Transfers.**
You may request a future dated (one –time) domestic wire transfer, up to 10 business days from the current business days cutoff of 5 p.m. Eastern Time (2 p.m. Pacific Time). You cannot cancel a future dated wire transfer once it has been requested.

**6. Foreign Exchange Transfer.**
It is our discretion in which foreign currencies we will send wire transfers, and these can change at any time. If you send a wire transfer in a foreign currency, you authorize us to deduct the amount from your account at the exchange rate we offered at the time you requested it. The foreign exchange rates we use are determined by us in our sole discretion.

The exchange rate we use will include a spread and may include commissions or other costs that we, our affiliates, or our vendors may charge in providing foreign currency exchange to you.  The exchange rate may vary among customers depending on your relationship, products with us or the type of transaction being conducted, the dollar amount, type of currency, and the date and the time of the exchange. You should expect that these rates will be less favorable than rates quoted online or in publications.

If the funds are returned or payment cannot be made for any reason, we will not be liable for more than the amount of the wire transfer at our exchange rate at the time we return the funds to you, less charges taken by any other bank involved in the wire transfer. If you cancel a funds transfer request, other than a cancellation of a Consumer International Funds Transfer within 30 minutes after you authorized us to send it, and it causes a loss or cost to us, we may subtract funds from your account to cover these losses. If your initial request is returned, cancelled or changed, your new wire transfer request will be subject to a new exchange rate.

If the wire transfer is not in the currency of the recipient's account, the recipient's bank or another processing bank may reject the wire transfer or convert it. If converted, you agree the wire transfer may be converted to a different currency at their exchange rate and may subtract additional fees.

**7. Fees and Payment Route.**
We may charge a fee when you use this service. Please refer to your account agreement or product information for fees that may apply.  We may use any funds transfer system we believe reasonable to complete your request, regardless of any instructions you might give us. If we also are the recipient's bank, we may complete your request using an internal transfer. You are responsible for all fees and taxes, including our fees and any fees charged by other funds transfer systems or banks involved in the transfer.

**8. Wire Transfer System Rules and Laws.**
The use of this service is subject to all applicable U.S. federal and state laws, regulations, rules and wire transfer arrangements, including the respective state's Uniform Commercial Code Article 4A, as may be applicable. If you make a Consumer International Wire Transfer, it is also subject to additional federal laws and regulations which, in the event of a conflict with this Agreement, will govern. All of your wire transfers must comply with U.S. laws, including the regulations and economic sanctions administered by the U.S. Treasury Department's Office of Foreign Asset Control and other applicable laws.

**9. Indemnification.**
You will indemnify us for all claims, expenses, liabilities, and losses (including reasonable legal fees) if you or a third party makes a claim against us for any of our actions or services in this Agreement, unless they prove gross negligence or willful misconduct. You understand this section will survive even if you close your account or this Agreement is terminated.

**10. Failure to Perform; Limitation of Liability.**
We are only responsible for performing the services specified in this Agreement. We will not be liable for the failure or delay of any wire transfer or for failing to meet other obligations in the Agreement because of circumstances or causes beyond our control, including governmental, legal or regulatory restrictions or prohibitions, third party actions, natural disasters, equipment or system failures, labor disputes, wars or riots. We are not liable for any indirect, special or consequential damages.
Any provision of this Agreement that limits the bank's liability does not negate the bank's duty (if any) under applicable law to act in good faith and with reasonable care.

**11. Changes to the Agreement**
We may change the terms of this Agreement, including fees and features of this service, at any time. If any change would adversely affect you, we will notify you in advance, unless the change is necessary to comply with a legal requirement.

We may direct you to a branch or to your Chase Private Client banker for the content of any changes or the revised Agreement unless the law requires a different method. Your use of this service after we have made such changes available will be considered your agreement to the change.

By providing your signature as authorization, you agree to these terms and conditions, that the wire transfer information in this document is accurate and you authorize us to process this wire transfer.

Recipient Bank's Identifier (ABA/SWIFT ‾‾ _____ Recipient's  Account Numbe _____ i4 _____

Sender's Signature: _____  Date: _____

Email Address: wc@williamcumbielaw.com
Transaction Number (Contact ID): _____ _____
The Email Address and Transaction Number provided will be used for communication purposes.





**Branch / Department Information**

Initiated by: <u>KAVREN M INTERDONATO</u> _____ Initiating Branch: <u>San Marco - 104059</u> Phone: <u>904-513-6589</u> _____ Request Time: <u>05:22:12PM</u>

Wire Transfer: ☐ Approved ☐ Declined _____ Approved/Declined by (Print): _____

Approved/Declined by (Signature): _____ Date: _____

Decline Reason: _____ Comments: _____

Approving Manager (wire amount over limit) _____

Method of Approval (attach required supporting documentation) ☐ Phone call ☐ Email ☐ Other (explain) _____

**Wire Tracking Information**

FX Contract Number (if applicable) _____

## VERIFICATION

I, Daniel O'Shaughnessy, depose and say that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date:  10/4/2019

Daniel O' Shaughnessy

Leo M. Gibbons, Esquire
Attorney ID No. 67267
Andrew R. Silverman, Esquire
Attorney ID No. 310569
MacELREE HARVEY, LTD.
17 W. Miner Street, PO Box 660
West Chester, PA 19381-0660
(610) 436-0100

ATTORNEY FOR PLAINTIFF
DANIEL O'SHAUGHNESSY

| | |
|---|---|
| DANIEL O' SHAUGHNESSY<br>2746 Scenic Gulf Drive, Unit 211<br>Miramar Beach, FL 32550<br><br>      Plaintiff,<br>  v.<br><br>NICHOLAS PALAZZO<br>365 Forest Avenue, Apt. 4D<br>Palo Alto, CA 94301<br><br>    and<br><br>SSPT NETWORK, INC.<br>171 Main Street, #257<br>Los Altos, CA 94022<br><br>      Defendants. | IN THE COURT OF COMMON PLEAS<br>CHESTER COUNTY, PENNSYLVANIA<br><br>NO.<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Date:   October 4, 2019

MacELREE HARVEY, LTD.

By: _____
Leo M. Gibbons, Esquire
Andrew R. Silverman, Esquire
Attorneys for Plaintiff