IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL O'SHAUGHNESSY | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-5115 |
| | : | |
| NICHOLAS PALAZZO, et. al. | : | |

McHUGH, J.                                                                                                          August 31, 2022

**MEMORANDUM**

In a previous order, ECF 115, I entered a default judgement based upon Defendant Todd Robison's failure to provide discovery and obey this Court's orders. I did not decide the amount of the Judgment at that time, and therefore, now decide the amount in judgment.

"If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). These actions may include "rendering a default judgment against the disobedient party." Rule 37(b)(2)(A)(vi).

Entering a Rule 55 default judgment as a sanction for failing to participate in litigation is within my discretion and governed by the *Poulis* factors. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (*Poulis* factors are the proper standard for considering punitive dismissals); *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (listing six factors for determining whether the district court "abused its discretion in dismissing, or refusing to lift a default"). These six factors are: (1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or

defense. *Poulis*, 747 F.2d at 868 (emphasis in original). To issue a default, I must "make explicit factual findings concerning these factors," but "it is not necessary that all of these factors point toward a default before that sanction will be upheld." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir. 1992)

A party's *pro se* status does not excuse her failure to participate in discovery or comply with orders. *See, e.g., id*. at 920 ("Defendants had personal responsibility for the conduct of the litigation after their attorney withdrew.").

The first *Poulis* factor is the extent of the party's personal responsibility. A *pro se* litigant is personally responsible for failure to comply with the Court's rules and orders. In this case, Mr. Robison is proceeding *pro se,* and so he is directly responsible for her failure to respond to Plaintiff's discovery requests or to Court Orders.

Second, Mr. Robison's failure to participate in this litigation has severely prejudiced Plaintiff, who have been unable to obtain crucial evidence regarding their claims, and whether Mr. Robison has been completely forthcoming in his representations.

Third, Mr. Robison has ignored discovery requests and orders throughout the case, even with the threat of sanctions looming. And although "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe v. Klaus,* 538 F.3d 252, 261 (3d Cir.2008), "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders" *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund,* 29 F.3d 863, 874 (3d Cir.1994), which is the situation at issue here.

Fourth, as I previously noted, Mr. Robison's conduct can be considered willful or in bad faith, given that he has simply ignored court orders.

Fifth, alternative sanctions would not be effective as Mr. Robison has simply ignored prior orders. Therefore, default judgment is appropriate and necessary.

And finally, with respect to the sixth factor, Plaintiffs also have a meritorious claim as defined by the *Poulis* Court: "the allegations of the pleadings, if established at trial, would support recovery by [P]laintiff[s]." *Poulis*, 747 F.2d at 870. The Complaint sets forth a pattern of intention fraudulent conduct that would certainly support a recovery. "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10A Fed. Prac. & Proc. Civ. § 2688 (2d ed.)).

As to damages, I have reviewed *in camera* the amounts paid by co-defendants in partial settlement of this matter, and to the extent permitted by the record have evaluated Mr. Robison's relative responsibility for Plaintiff's losses. Based upon that review, I conclude that the appropriate measure of damages by way of default is $65,000, and judgment will be entered in that amount.

  /s/ Gerald Austin McHugh
United States District Judge